AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     Delaware

UNITED STATES OF AMERICA

V.

Dwayne Chavous
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case: CR 06-30-1 (KAJ)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC §841  .
  - ☐ under 18 U.S.C. § 924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   ☒ clear and convincing evidence  ☒ a preponderance of the evidence: Defendant faces signficant drug charges, inlcuding possession with intcnt to manufacture more than 50 gms of cocaine, possession with intent to distribute more than 5 gms of cocaine and conspiracy to possess cocaine with intent to manufacture mor than 50 gms. As a result, he faces significant incarceration time. The facts show that just before the execution of a search warrant, defendant was observed in the kitchen of the residence where cocaine was being prepared. According to the police, he attempted to flee and was arrested outside the home. According to defendant, he claims that he was outside of the house and pints to the fact that about 9 other people were located in the residence at the time of the search. He also emphasized that none of the controlled buys involved him. although defendant claims tht he was outside of the house at the time of his arrest (a fact confirmed by the police), it does not explain where he was shortly beforc his arrest. The search found 50 gms

AO 472 (Rev. 3/86) Order of Detention Pending Trial

of cocaine drying in the kitchen , 70 more of powdered cocaine in a bowl in the kitchen and a baking soda box with defendant's fingerprints on it (used to cut cocaine). Further a black jacket of defendant's was found with 255 gms of powdered cocaine in the right pocket which also contained the keys to his home. His criminal history is as follows: conviction for carrying a concealed deadly weapon May 2004 (original charges possession of a non-narcotie and the weapon offense), terroristic threatening (domestic) for which he was found in violation on 2 occasions of his probation and received 3 months prison time suspended for **intensive probation supervision** and he has pending possession fo a firearm during commission of felony, aggravated menacing, endangering the welfare of a child. At the time of his arrest, defendant was on probation. Although defendant has held steady employment (for the last 2 years it has been constant) and allegedly has family that is willing to put up their homes for his release, neither address the danger to the community element. Nor does EM_which may tell the court where defendant is, but not what he is doing. Further, although a plausible explanation may exist as to why defendant was at the location that he was (which is 10 miles from his home), again, the court is unaware of that would be and due to the serious nature of the present charges and his past criminal history including VOPs, there are no conditions or combination thereof that will reasonably assure defendant's appearance as required, his compliance with supervised release conditions and the safety fo the community.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in eustody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 16, 2006 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).