IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-30-1-KAJ |
| | ) | |
| DWAYNE CHAVOUS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS
REGARDING PRODUCTION OF EVIDENCE**

NOW COMES the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware and Christopher J. Burke, Assistant United States Attorney for the District of Delaware, and respectfully states as follows:

**A.      Procedural Background**

1. Defendant is charged with the commission and with conspiracy to commit multiple drug-related crimes, in violation of 21 U.S.C. §§ 841(a)(1) & 846.

2. On June 23, 2006, the defendant submitted five motions to the Court: (1) "Motion for Disclosure of Evidence Favorable to Defendant, Dwayne Chavous (Brady Material)" ("Motion for Disclosure"); (2) "Defendant's Motion to Compel Disclosure of Evidence Subject to Suppression Under Fed. R. Crim. P. 12(b)(3)" ("Motion to Compel"); (3) "Motion of Defendant Dwayne Chavous Seeking Notice of F.R.E. Rule 404(b) Material" ("404(b) Motion"); (4) "Motion of Dwayne [Chavous] to Join Motions of Co-Defendants" ("Motion to Join"); and (5) "Motion of Defendant Dwayne Chavous for Additional Time to File Pre-Trial Motions" ("Motion for Additional Time").

Three of those motions requested, in various forms, that the Government be compelled to produce certain evidence to the defendant prior to trial.[1] The Government respectfully requests that the Court deny the motions, for the reasons set forth below.

**B.     Motion for Disclosure**

3. In his Motion for Disclosure, the defendant requests that the Government permit him to inspect or copy certain evidence in the Government's possession. The Government has provided discovery in this case, in line with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963). Many of the types of items requested by the defendant in his Motion for Disclosure have already been provided as part of that production. In addition, the Government has separately written a letter to defendant's counsel, setting forth its specific responses to the requests contained in the Motion for Disclosure. As a result, the Government respectfully requests that the Court deny the motion. If, after considering the Government's written response, the defendant has specific objections regarding a discovery issue, the Court could take up those objections at that time.

**C.     Motion to Compel**

4. In his Motion to Compel, the defendant requests notice of the Government's "intent to use suppressible evidence." Motion to Compel at 1. The Government has and will continue to provide the defendant with the types of evidence described in its motion, and will provide the defendant with the opportunity to inspect any physical evidence taken from the scene of the arrest. At trial, the

---

1. In his fourth motion, the Motion to Join, the defendant requested that he be permitted to join in any applicable motions filed by his co-defendants in this matter. The Government has no objection to that Motion. The defendant's fifth motion, the Motion for Additional Time, was granted by this Court on July 18, 2006.

2

Government plans to introduce evidence obtained during the search of the address at which the defendants were arrested, including: (1) the crack cocaine; (2) cocaine powder; (3) the jacket found in the kitchen of the home and its contents; (4) items found on the kitchen countertop; (5) electronic scales; (6) money recovered from the defendant; (7) fingerprint evidence; (8) billing statements and (9) photographs taken at the scene of the arrest. The Government also plans to introduce statements taken from those in the house at the time of arrest. In light of this response, the Government requests that the defendant's motion be denied as moot.

**D.     404(b) Motion**

5. In his 404(b) Motion, the defendant requests "disclosure of any other crimes or bad act evidence the government intends to introduce at trial." 404(b) Motion at 1. The Government respectfully requests that the Court deny this motion as premature. The Government has not yet determined whether it will introduce in its case-in-chief at defendant's trial any extrinsic evidence of other crimes, wrongs, or acts that fall within the scope of Federal Rule of Evidence 404(b). If the Government decides to introduce such evidence, the Government will comply with the requirement set forth in Rule 404(b) to provide reasonable notice of the general nature of the evidence it will seek to introduce at trial.

WHEREFORE, the United States respectfully requests that the Court deny the Motion for Disclosure, Motion to Compel and 404(b) Motion.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

                              BY: _____
                                        Christopher J. Burke
                                        Assistant United States Attorney

Dated: November 6, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-30-1-KAJ |
| | ) | |
| DWAYNE CHAVOUS, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, hereby certify that on the 6th day of November 2006, I caused to be electronically filed **Government's Response to Defendant's Motions Regarding Production of Evidence** with the Clerk of the Court. Said document was served via United States mail to counsel for the defendant:

Stephen P. Patrizio, Esq.
Dranoff & Patrizio, P.C.
Architect's Bldg., Suite 1600
117 S. 17th Street
Philadelphia, PA 19103

_____
Christopher J. Burke
Assistant United States Attorney