**U.S. Department of Justice**

United States Attorney's Office
District of Delaware

Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

April 9, 2007

Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal building
844 King Street
Wilmington, Delaware 19801

    Re:  **United States v. Dwayne Chavous**
           **Criminal Action No. 06-30-01-JJF**

Dear Judge Farnan:

    Defendant Dwayne Chavous is prepared to enter a guilty plea pursuant to the terms of the enclosed Memorandum of Plea Agreement. The parties request that the matter be scheduled for a change of plea hearing, at which time the original plea agreement will be submitted to the Court.

                                       Respectfully,

                                       COLM F. CONNOLLY
                                       United States Attorney

                                  By: _____
                                     Edmond Falgowski
                                     Assistant United States Attorney

pc:  Stephen P. Patrizio, Esquire

EF:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-30-JJF |
| ) | |
| DWAYNE CHAVOUS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Dwayne Chavous, by and through his attorney, Stephen P. Patrizio, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a plea of guilty to Count Two of the Indictment charging possession with intent to distribute more than 5 grams of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1), carrying the maximum penalty of forty years incarceration, with a mandatory minimum five year term of incarceration, a $2,000,000 fine, lifetime supervised release, and a $100 special assessment. At sentencing the United States will move to dismiss the remaining counts of the Indictment as it relates to the defendant.

2. The elements of possession with intent to distribute cocaine base are as follows:

    a.    The defendant knowingly possessed a mixture and substance that contained cocaine base, a controlled substance;

    b.    the defendant knew the substance he possessed was a controlled substance; and

    c.    The defendant intended to distribute the controlled substance.

3. Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

4. The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

5. The defendant agrees to pay the special assessment of $100 at the time of sentencing or, if the Court orders a prison sentence, to voluntarily enter the United States Bureau of Prisons administered Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of any outstanding debt ordered.

6. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and

2

statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                        COLM F. CONNOLLY
                                        United States Attorney

_____        By:_____
Stephen P. Patrizio, Esquire                        Edmond Falgowski
Attorney for Defendant                           Assistant United States Attorney

_____
Dwayne Chavous
Defendant

Dated:

        AND NOW, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                        _____
                                        Honorable Joseph J. Farnan
                                        United States District Court